UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JO-ANN FAUST,<br><br>                    Plaintiff,<br><br>          - against -<br><br>ESPN PRODUCTIONS, INC.,<br><br>                    Defendant. | CIVIL ACTION NO.<br>3:11-CV-00680 (CSH)<br><br>May 23, 2011 |

## <u>ANSWER</u>

Defendant ESPN Productions, Inc. ("Defendant"), by and through its attorneys, Paul, Hastings, Janofsky & Walker LLP, answers the Complaint of Plaintiff Jo-Ann Faust ("Plaintiff") as follows:

**<u>FIRST COUNT</u>:  (Federal Family and Medical Leave Act – Interference with Exercise of FMLA Rights)**

1.      Admitted.

2.      Defendant admits that in 2002, Plaintiff was transferred to the job title of Remote Travel Coordinator in the Remote Facilities Planning Department, and was the only person with that job title at the time.  Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

3.      Defendant admits that Plaintiff indicated to Defendant, at various times during her employment with Defendant, that she experienced migraine headaches.

Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 3 of the Complaint.

4.      Defendant admits that Plaintiff provided, or had her healthcare provider provide, to Defendant documentation related to her medical care.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 4 of the Complaint.

5.      Defendant admits that Plaintiff received some annual increases in pay referred to as "merit" increases.  Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant admits that Plaintiff did not appear for work for virtually the entire month of December, 2009, that she attributed all or almost all of such absences to grief and/or depression, that she was cleared by her doctor to return to work four hours per day on January 6, 2010 through January 8, 2010, and cleared by her doctor to return to work 8 hours per day starting on Monday, January 11, 2010, and that she worked on January 11, 2010.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiff did not appear for work for virtually the entire month of June 2010, that she attributed all or almost all of such absences to depression and/or grief, and that she worked half-time July 6, 2010 through July 9, 2010.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 8 of the Complaint.

-2-

9.      Admitted.  Defendant admits that Donna Hricisko, Donna Shackett and Nancy Mello met with Plaintiff on July 6, 2010.  Defendant denies the remaining allegations of Paragraph 9 of the Complaint.

10.     Admitted.

11.     Admitted.

12.     Defendant admits Plaintiff told Defendant that migraine headaches are chronic and there is no cure for them.  Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendant admits that it discussed at this meeting the fact that it had hired a temporary worker in December 2009 to cover for Plaintiff.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 13 of the Complaint.

14.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint.

15.     Admitted.

16.     Defendant denies the allegations in Paragraph 16 except to admit that after Plaintiff said her chiropractor was trying to get back in place a bone found pressing on her brain stem, Ms. Hricisko asked if Plaintiff's doctor recommended surgery for the bone; Plaintiff said her chiropractor did not "believe in" surgery; Ms. Hricisko then asked if Plaintiff had considered getting a second opinion from a neurosurgeon, to which Plaintiff responded, in words or effect, "I haven't but I could, but I don't want surgery"; Plaintiff then indicated she may follow up with her doctor, but stated no specific time

period for doing so; and Ms. Hricisko then asked what accommodations Defendant could provide to get her working on a regular basis, to which Plaintiff responded by expressing appreciation for Defendant's support and accommodations, stating she had "no complaints," and reiterating there were "no solutions" and "no cure" for migraines. Defendant denies any remaining allegations in Paragraph 16 of the Complaint.

17.     Admitted.

18.     Defendant admits Plaintiff worked on July 12, 2010, but denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint, except to admit that Ms. Hricisko met with Plaintiff on July 13, 2010, and notified her that her employment was terminated.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint, except to admit that Plaintiff was terminated effective July 13, 2010.

21.     The assertion in Paragraph 21 of the Complaint that Plaintiff's migraine headaches "were a serious health condition under the FMLA" constitutes a legal conclusion to which no response is required.  To the extent that a response is deemed required, Defendant admits that Plaintiff purports to seek relief under the federal Family and Medical Leave Act, of 1993 ("FMLA"), but denies that Plaintiff is entitled to any relief under the FMLA or to any relief whatsoever.  Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

-4-

23.     The assertion in Paragraph 23 of the Complaint that "[t]he U.S. FMLA allows me 60 days (i.e., 12 weeks x 5 days) during that period" constitutes a legal conclusion to which no response is required.  To the extent that a response is deemed required, Defendant admits that Plaintiff purports to seek relief under the federal FMLA, but denies that Plaintiff is entitled to any relief under the federal FMLA or to any relief whatsoever.  Defendant admits Plaintiff exceeded the amount of available leave to which she was entitled under the federal FMLA.  Defendant lacks knowledge or information sufficient to admit or deny whether any absences due to migraines in the twelve months following Plaintiff's termination would have "exceeded the leave permitted by the U.S. FMLA."  Defendant denies the remaining allegations in Paragraph 23.

24.     Defendant admits that in the meeting on July 6, 2010, to which Defendant invited Plaintiff to discuss her erratic and irregular attendance, and explore whether any more could be done to achieve consistent attendance, Employee Relations Director Donna Hricisko asked when she could return to work on a regular basis, and Plaintiff's response was to the effect that "[I] cannot answer that" and that "as long as I have migraines I don't think I will be able to."  Defendant also admits that after Plaintiff said her chiropractor noted a bone pressing on her brain stem, and Ms. Hricisko asked if her doctor recommended surgery, Plaintiff said words to the effect that her chiropractor did not "believe in" surgery, and that she had not sought a second opinion but "could," but also: "I don't want surgery."  Defendant also admits that to the extent she indicated she may follow up with her doctor, she identified no particular time for doing so, and that when Ms. Hricisko asked what accommodations Defendant could provide to achieve

consistent attendance, Plaintiff thanked Defendant for its support and accommodations, and said words to the effect that she had "no complaints," and that when it came to migraines, there were "no solutions" and "no cure."  Defendant further admits that after the July 6, 2010 meeting, Defendant received no information from Plaintiff addressing anything regarding her pursuit of migraine surgery, or otherwise changing her status as unable to regularly attend work.  Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

      25.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint.

      26.     Defendant denies the allegations in Paragraph 26 of the Complaint, specifically denies any violation of law, and specifically denies that Plaintiff is entitled to any relief under the FMLA or to any relief whatsoever.

      27.     Defendant denies the allegations in Paragraph 27 of the Complaint, specifically denies that it is liable to Plaintiff in any way or in any manner, and specifically denies that Plaintiff is entitled to any of the relief that she seeks.

**SECOND COUNT:  (Family and Medical Leave Act – Retaliation for Exercise of Rights under the FMLA)**

"1-24."  Defendant incorporates its responses to Paragraphs 1-27 of the Complaint as if fully set forth herein.

[Second Paragraph] 25.  Defendant denies the allegations in [Second Paragraph] 25 of the Complaint, specifically denies any violation of law, and specifically denies that Plaintiff is entitled to any relief under the FMLA or to any relief whatsoever.

[Second Paragraph] 26.  Defendant denies the allegations in [Second Paragraph] 26 of the Complaint, specifically denies that it is liable to Plaintiff in any way or in any manner, and specifically denies that Plaintiff is entitled to any of the relief that she seeks.

**DEMAND FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief whatsoever.  Defendant specifically denies that it violated any law as to Plaintiff, specifically denies that it is liable to Plaintiff in any way or in any manner, and specifically denies that Plaintiff is entitled to any of the relief that she seeks.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following defenses:

### First Separate Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Separate Defense

The Complaint fails to state facts sufficient to constitute a cause of action.

### Third Separate Defense

Without conceding Plaintiff has suffered any damages as a result of any purportedly wrongful act of Defendant, and without conceding Plaintiff is entitled to any damages whatsoever, Plaintiff may not be awarded damages because Defendant would have taken the same action in the absence of Plaintiff's FMLA-related absences.

**Fourth Separate Defense**

Without conceding Plaintiff has suffered any damages as a result of any

purportedly wrongful act of Defendant, and without conceding Plaintiff is entitled to any

damages whatsoever, Plaintiff has failed to mitigate her alleged damages as required by

law.

**Fifth Separate Defense**

Plaintiff may not be awarded liquidated damages under the FMLA because

Defendant's actions or omissions were made in good faith and Defendant had objectively

reasonable grounds to believe that its actions or omissions did not violate the FMLA.

Dated:  May 23, 2011                    Respectfully Submitted,


By:      /s/Raymond W. Bertrand
         Raymond W. Bertrand (ct 22968)
         Brit K. Seifert (ct 18776)
         PAUL, HASTINGS, JANOFSKY &
         WALKER LLP
         4747 Executive Drive, 12th Floor
         San Diego, CA  92121
         Telephone:  (858) 458-3000
         Facsimile:  (858) 458-3005
          Email: raymondbertrand@paulhastings.com
                 britseifert@paulhastings.com

         Counsel for Defendant
         ESPN PRODUCTIONS, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 23, 2011, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By:     /s/Raymond W. Bertrand

Raymond W. Bertrand (ct 22968)
Brit K. Seifert (ct 18776)
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
4747 Executive Drive, 12th Floor
San Diego, CA  92121
Telephone:  (858) 458-3000
Facsimile:  (858) 458-3005
Email: raymondbertrand@paulhastings.com
britseifert@paulhastings.com

Counsel for Defendant
ESPN PRODUCTIONS, INC.

LEGAL_US_E # 92939665.3

-9-

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JO-ANN FAUST,

                          Plaintiff,

            - against -

ESPN PRODUCTIONS, INC.,

                          Defendant.

CIVIL ACTION NO.
3:11-CV-00680 (CSH)


May 23, 2011

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant ESPN Productions, Inc. is a wholly owned subsidiary of ESPN, Inc.  ESPN, Inc. is 80% owned by ESPN, Holding Co., which in turn is wholly owned by The Walt Disney Company.  ESPN, Inc. is 20% owned by Hearst Brazil, Inc., which in turn is wholly owned by Hearst Holdings, Inc., which is wholly owned by The Hearst Corporation.

Dated:  May 23, 2011                  Respectfully Submitted,


                          By:      /s/Raymond W. Bertrand
                                   Raymond W. Bertrand (ct 22968)
                                   Brit K. Seifert (ct 18776)
                                   PAUL, HASTINGS, JANOFSKY &
                                   WALKER LLP
                                   4747 Executive Drive, 12th Floor
                                   San Diego, CA  92121
                                   Telephone:  (858) 458-3000
                                   Facsimile:  (858) 458-3005
                                   Email: raymondbertrand@paulhastings.com
                                          britseifert@paulhastings.com

                                   Counsel for Defendant
                                   ESPN PRODUCTIONS, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 23, 2011, a copy of the foregoing CORPORATE

DISCLOSURE STATEMENT was filed electronically and served by mail on anyone unable to

accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of

the court's electronic filing system or by mail to anyone unable to accept electronic filing as

indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's

CM/ECF System.

/s/Raymond W. Bertrand
_____
Raymond W. Bertrand (ct 22968)
Brit K. Seifert (ct 18776)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
4747 Executive Drive
12th Floor
San Diego, CA  92121
Telephone:  (858) 458-3000
Facsimile:  (858) 458-3005
Email:  raymondbertrand@paulhastings.com
           britseifert@paulhastings.com